NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DONNA M. CITRO, | : | |
| Plaintiff, | : | Civil Action No. 15-6345 (SRC) |
| v. | : | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Donna M. Citro ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be vacated.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning March 17, 2001. A hearing was held before ALJ Richard West (the "ALJ") on September 19, 2013, and the ALJ issued an unfavorable decision on February 4, 2014, finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of February 4, 2014, the ALJ found that, at step three, Plaintiff did not

meet or equal any of the Listings.  At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform the full range of sedentary work.  At step four, the ALJ also found that Plaintiff retained the residual functional capacity to perform her past relevant work as a brokerage clerk.  The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on two grounds: 1) the ALJ filed to properly weigh the treating physician evidence in determining Plaintiff's residual functional capacity; and 2) the ALJ failed to properly evaluate Plaintiff's credibility.

This case is unusual in that the ALJ's decision explicitly omits the complete basis for the ALJ's determinations.  Instead, the decision incorporates a prior ALJ decision by reference.  The full history appears to be as follows.  ALJ Dennis O'Leary held a hearing on February 17, 2012 and issued an unfavorable decision on February 29, 2012.  (Tr. 88-94.)  Plaintiff asked the Appeals Council to review that decision.  On May 25, 2013, the Appeals Council vacated the ALJ's decision and remanded the case for further proceedings.[1]  (Tr. 100-101.)

In a typical case, this Court would not review a prior decision.  The authorizing statute, 42 U.S.C. § 405(g), limits the power of judicial review to <u>final</u> decisions.  Because ALJ West expressly incorporated the prior decision, however, and because ALJ West's decision is unreviewable without consideration of ALJ O'Leary's decision, this Court must include the prior decision in its review.

---

[1] For this Court, this is red flag number one: ALJ West has incorporated and relied substantially on a decision that the Appeals Council had already vacated.

At step four, ALJ West first considered Plaintiff's testimony and found it not entirely credible. (Tr. 25.) ALJ West next incorporated the summary of the medical evidence from the prior decision, and stated that he would discuss the new medical evidence that had been added to the record since the prior decision. (Tr. 25.) ALJ West reviewed the evidence from treating physician Dr. Kulischenko and rejected it, stating, "his opinion is based on the claimant's deterioration after her date last insured. Therefore, his opinion is outside the scope of this decision and as such given little weight." (Tr. 27.) ALJ West then reviewed the evidence from examining consultant Dr. DeFeo and rejected it, stating:

> Similar to Dr. Kulischenko's opinion, Dr. DeFeo's conclusion relates to the claimant's condition in 2012. The scope of this decision is limited to prior to the claimant's date last insured in December 2004. . . The undersigned has assigned little weight to Dr. DeFeo's opinion.

(Tr. 27.) On the first page of ALJ West's decision, however, he states a date last insured of December 31, 2011. (Tr. 21.) This is not a typo: ALJ West's conclusion at step one also states this as the date last insured. (Tr. 23.)

This is not a trivial detail. ALJ West rejected the evidence from Drs. Kulischenko and DeFeo as not relevant to the period prior to the date last insured, but states two conflicting dates last insured – differing by seven years, it appears. This Court cannot affirm a decision marred by such a fundamental flaw.

Having rejected the evidence from Drs. Kulischenko and DeFeo, ALJ West stated that he had reviewed the basis for the prior decision and "continues to place great weigh [*sic*] on such." (Tr. 27.) ALJ West added: "the evidence particular [*sic*] the evidence demonstrating a lumbar injury demonstrates a greater restriction on standing and walking and has further reduced the claimant's residual functional capacity to sedentary." (Tr. 27.) This is the only explanation ALJ

3

West gave to support his conclusion that Plaintiff retained the residual capacity for sedentary work. In the prior decision, the ALJ had concluded that Plaintiff retained the residual functional capacity for the full range of light work. (Tr. 91.) ALJ West thus contended that he gave great weight to the prior decision, but arrived at a different residual functional capacity determination. The only explanation given for this change is the vague reference to "the evidence demonstrating a lumbar injury."

Clearly, ALJ West's decision is supported neither by logic nor substantial evidence and it cannot be affirmed. Regrettably – because Plaintiff first applied for benefits over six years ago – this case must be remanded for further proceedings. Despite having had two rounds of proceedings before ALJs, there remains considerable uncertainty about the material facts of this case. It is worth noting that both ALJs concluded that Plaintiff experienced significant deterioration in or around 2004. The present record appears to show substantial medical evidence from Plaintiff supporting her claim for disability during some portion of the period from 2004 through the date last insured in 2011. It also appears that the first ALJ relied substantially on the medical reports of Drs. Zemel and Schmidt to support his unfavorable decision. The record shows a report from Dr. Zemel dated October 23, 2002 and a report from Dr. Schmidt dated October 29, 2002. (Tr. 314-317, 326-329.) Neither ALJ pointed to medical evidence contrary to Plaintiff's claim from the period after 2004. The factual question that remains is the date on which Plaintiff's condition had deteriorated to the point that she qualified as disabled under the Social Security Act. The Commissioner's decision will be vacated and the case remanded for the purpose of determining the date of onset of disability.

To be perfectly clear, the present record does not provide substantial evidence to support

a determination of no disability whatever during the period from 2004 through 2011.  Plaintiff has offered medical evidence from her treating physician that supports her claim of disability for some part of this period.  The present record shows no contradictory medical evidence for the period from 2004 through 2011.  "An ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence."  Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999).  The present record shows no such contradictory medical evidence for the period after 2004, and so outright rejection of the opinion of Plaintiff's treating physician, Dr. Kulischenko, does not comport with Third Circuit law.  What is left unresolved is the date of onset of the period of disability.

     For the foregoing reasons, this Court finds that the Commissioner's decision is not supported by substantial evidence, and the Commissioner's decision is vacated and remanded for further proceedings in accordance with this Opinion.

                                                s/ Stanley R. Chesler  
                                            STANLEY R. CHESLER, U.S.D.J.

Dated: September 14, 2016